IN THE CIRCUIT COURT OF SAINT LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| MICHAEL TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: 19SL-CC00498 |
| v. ) | |
| ) | Division No.: 21 |
| BOMMARITO FORD, INC. ) | |
| ) | |
| And ) | |
| ) | |
| FORD MOTOR COMPANY ) | |
| ) | **JURY TRIAL DEMAND** |
| Defendants. ) | |

## AMENDED PETITION FOR DAMAGES

**COMES NOW** Plaintiff, Michael Tucker, by and through his undersigned counsel, and asserts this cause of action under the Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq*.) (the MMWA") and the Missouri Merchandising Practices Act (§ 407.010 *et seq.*) ("MMPA") against Defendants BOMMARITO FORD, INC., and Ford Motor Company, and in support thereof, states to the Court the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person of majority age and legal resident of St. Louis County, Missouri.

2. Defendant BOMMARITO FORD, INC. ("Bommarito Ford") is a domestic Missouri corporation registered and in good standing with the Missouri Secretary of State, which operates Missouri dealership number D129

as "BOMMARITO FORD, INC."

3. Defendant FORD MOTOR COMPANY is a foreign corporation from Michigan doing business in the State of Missouri by and through its agent, Defendant BOMMARITO FORD, INC.

4. This Court has the statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 2310(d) and § 407.025 R.S.Mo.

5. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution, Article V § 14.

6. Venue is proper in SAINT LOUIS COUNTY pursuant to § 508.010.2 R.S.Mo. in that Defendants can be found in SAINT LOUIS COUNTY where their registered agents can be served.

## BACKGROUND

7. On August 29, 2018, Plaintiff purchased a new 2018 Ford Focus with approximately five miles and bearing the Vehicle Identification Number 1FADP3L96JL277945 (hereinafter the "Vehicle") for the total sale price of $22,500.

8. In consideration for the purchase of the above Vehicle, Defendant issued to Plaintiff one or more written warranties.

9. One such warranty is a PowerCare Nationwide Powertrain Coverage for 10 years or 200,000 miles, effective on the purchase date.

10. Within the warranty period, the Vehicle exhibited defects in

material and/or workmanship that caused rust on the undercarriage and related parts, and resulted in extensive corrosion, which Plaintiff reported to Defendants.

11. About one month after purchasing the Vehicle, while changing the oil, Plaintiff observed extensive salt, corrosion, and rust on the entire lower engine bay. He immediately contacted Sales Consultant for Defendant Bommarito Ford, Bryan Skaggs and emailed him pictures of the damage.

12. The next day, Plaintiff and Mr. Skaggs spoke over the phone. Mr. Skaggs agreed that the amount of corrosion was excessive and agreed to show the pictures to management at Bommarito Ford.

13. On or about November 8th, the Bommarito Service Department treated the Vehicle with "Salt Away", but several corroded components remained untreated. Specifically, no body panels or inner fenders were removed. As a result, salt and corrosion remain on the body and engine of the Vehicle. Service Manager for Bommarito Ford, Sean Johnson, stated that Bommarito would do nothing more, regardless of the inadequacy of the Salt Away treatment.

14. Despite Plaintiff's numerous requests to the Sales Department, Service Department, and even to Mr. John Bommarito to get this problem

remedied, Defendant has failed, and continues to fail, to correct the situation.

15. Unsurprisingly, the issue continues to worsen due to the remaining corrosion, yet, Bommarito Ford and the Ford Motor Company refuse to cover the Vehicle under its warranty.

16. All attempts to repair the Vehicle were unsuccessful and the nonconformities with the vehicle are ongoing.

17. Furthermore, Defendants never provided or paid for a rental car during any of the repairs.

18. As of the date of this Amended Petition, Defendants have not reimbursed Plaintiff for loan payments he made for the time periods in which he did not obtain any use of the Vehicle during the repair attempt.

19. Plaintiff exhausted his remedies with the Ford Motor Company by engaging in their formal dispute resolution process. Without inspecting the vehicle, Ford Motor Company declined to provide relief to Plaintiff.

## COUNT I

### DEFENDANTS' VIOLATIONS OF THE MISSOURI LEMON LAW

20. Plaintiff hereby realleges and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

21. Plaintiff is a "Consumer" as defined by § 407.560(3) R.S.Mo.

22. Defendant Ford Motor Company is a "Manufacturer" as defined by

Electronically Filed - St Louis County - February 22, 2019 - 03:50 PM

§ 407.560(5) R.S.Mo.

23. The Vehicle is a "New Motor Vehicle" as defined by § 407.560(6) R.S.Mo.

24. The warranties issued by Defendants to Plaintiff are "express warrant[ies]" as defined by § 407.560(4) R.S.Mo.

25. Plaintiff had the Vehicle serviced at Defendants' "Authorized Dealer[(s)]," as used throughout the Missouri Lemon Law.

26. Defendant BOMMARITO FORD is an "Authorized Dealer" and agent of Defendant FORD MOTOR COMPANY.

27. FORD MOTOR COMPANY, through its authorized dealer, has been unable, unwilling, and has refused to conform the Vehicle to the express warranties by repairing one or more nonconformities within a reasonable number of attempts.

28. The nonconformities with the Vehicle substantially impair its use, market value, and safety.

29. Plaintiff satisfies one or more presumptions in § 407.571 R.S.Mo.

## COUNT II

## DEFENDANT DEALERSHIP VIOLATIONS OF THE MMWA

30. Plaintiff realleges and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

31. Plaintiff is a "Consumer" as defined by 15 U.S. C. § 2301(3).

32. Plaintiff is a "Buyer" per § 400.2-103 R.S.Mo.

33. Defendant FORD MOTOR COMPANY is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5).

34. Defendant FORD MOTOR COMPANY is a "Seller" per § 400.2-103 R.S.Mo.

35. The Vehicle is a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

36. By its actions and affirmations, Defendant FORD MOTOR COMPANY created an express warranty for the Vehicle per § 400.2-313 R.S.Mo.

37. Defendant FORD MOTOR COMPANY is a merchant with respect to vehicles, in that it holds itself out as a manufacturer having knowledge about vehicles in general.

38. A warranty that the Vehicle be merchantable was therefore implied in Plaintiff's purchase, pursuant to § 400.2-314 R.S.Mo.

39. Defendant FORD MOTOR COMPANY also provided Plaintiff an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

40. One or more of the warranties Defendant FORD MOTOR COMPANY provided Plaintiff was a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and/or an "Implied Warranty" as defined by 15 U.S.C.

§ 2301(7).

40. 15 U.S.C. § 2310(d)(1) provides:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief…

41. One of the obligations under the MMWA is that a "warrantor must…remedy such consumer product within a reasonable time and without charge, in the case of a defect," per 15 U.S.C. § 2304(a)(1).

42. Defendants have been afforded a reasonable opportunity to cure the Vehicle's nonconformities pursuant to 15 U.S.C. § 2310(e).

43. Defendants were unable and/or unwilling to remedy the Vehicle within a reasonable time and without charge, in violation of 15 U.S.C. § 2304(a)(1).

44. The defects and nonconformities that the Vehicle exhibited constitute a breach of the Implied Warranty of Merchantability, pursuant to § 400.2-314 R.S.Mo.

45. Plaintiff notified Defendants regarding a breach of warranty within a reasonable time after Plaintiff discovered defects with the Vehicle.

46. The defects of, and circumstances relating to, the Vehicle have caused any exclusive or limited remedy to fail of its essential purpose.

47. The warranties issued on the Vehicle by Defendants have failed

Electronically Filed - St Louis County - February 22, 2019 - 03:50 PM

41

of their essential purpose.

48. As a direct and proximate result of Defendants' failure to comply with the express written warranties and/or implied warranties, Plaintiff has suffered and continues to suffer damages.

49. As a result of the unreasonable repair attempts made by Defendants and Defendants' unwillingness to make further attempts to repair the Vehicle, the value of the Vehicle at the time of purchase was zero.

50. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

## COUNT III
## DEFENDANT DEALERSHIP VIOLATIONS OF THE MMPA

51. Plaintiff realleges and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

52. Plaintiff is a "Person," as defined by § 407.010(5) R.S.Mo.

53. Defendant Bommarito Ford, Inc. is a "Person" as defined by § 407.010(5) R.S.Mo.

54. The Vehicle is "merchandise" as defined by § 407.010(4) R.S.Mo.

55. Plaintiff's purchase and/or servicing of the vehicle is a "Sale" or is in connection with a "Sale" as defined by § 407.010(6) and § 407.020 R.S.Mo.

56. Plaintiff purchased the vehicle primarily for personal, family, or

Electronically Filed - St Louis County - February 22, 2019 - 03:50 PM

household purposes.

57.     In connection with the sale of the Vehicle to Plaintiff, Defendant Bommarito Ford, Inc. committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

58.     As a direct and proximate result of Defendant Bommarito Ford's violations of § 407.020 R.S.Mo., Plaintiff suffered an ascertainable loss of money and/or property.

59.     Pursuant to § 407.025 R.S.Mo., Plaintiff seeks attorney's fees.

**WHEREFORE**, Plaintiff respectfully demands damages in excess of $25,000.00 but less than $50,000.00 as of the date of this Petition consisting of the return of all loan payments of the Vehicle, collateral charges, finance charges, incidental and consequential damages, costs, including expert witness fees and reasonable attorney's fees, and for such other relief as this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in the Circuit Court of SAINT LOUIS COUNTY, Missouri on all counts and allegations of wrongful conduct alleged in this petition.

Respectfully submitted,

**DONNER APPLEWHITE,**

**ATTORNEYS AT LAW**

By:   */s/ Christian T. Misner*

Christian Misner #65572
Steven A. Donner   #63789
1108 Olive Street, Suite 200 St. Louis, Missouri 63101
Phone: (314) 240-5351
Facsimile: (888) 785-4461
christian.misner@da-lawfirm.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 22, 2019, the undersigned sent the foregoing by electronic mail to:

Berkowitz Oliver
C/O: Laura Brooks, Esq.
LBrooks@berkowitzoliver.com

The undersigned certifies that on February 22, 2019, the undersigned sent the foregoing by U.S.P.S. first-class, postage pre-paid mail to:

Bommarito Ford, Inc.
C/O: John J. Bommarito
675 Dunn Road
Hazelwood, MO 63042

*/s/ Christian T. Misner*