**IN THE CIRCUIT COURT OF LINCOLN COUNTY
STATE OF MISSOURI**

| | |
|---|---|
| MICHAEL TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 19SL-CC00498 |
| v. ) | |
| ) | |
| BOMMARITO FORD, INC. ) | Division No. 21 |
| ) | |
| and ) | |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED PETITION**

COMES NOW plaintiff, Michael Tucker (hereinafter referred to as "Plaintiff), by and through his undersigned counsel, and asserts this cause of action under the Missouri Lemon Law (§ 407.560 *et seq*.), the Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq*.) (the "MMWA") and the Missouri Merchandising Practices Act (§ 407.010 *et seq*.) (the "MMPA") against Defendants Bommarito Ford, Inc., and Ford Motor Company, and in support thereof, states to the Court the following:

**Parties and Jurisdiction**

1. Plaintiff is a natural person of majority age and legal resident of St. Louis County, Missouri.

2. Defendant Bommarito Ford, Inc. ("Bommarito Ford") is a domestic Missouri corporation registered and in good standing with the Missouri Secretary of State, which operates Missouri dealership number D129 as "Bommarito Ford, Inc."

3. Defendant Ford Motor Company is a foreign corporation from Michigan doing business in the State of Missouri by and through its agent, Defendant Bommarito Ford, Inc.

4. This Court has the statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 2310(d) and § 407.025 R.S.Mo.

5. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution, Article V § 14.

6. Venue is proper in Saint Louis County, Missouri pursuant to § 508.010.2 R.S.Mo. in that Defendants can be found in St. Louis County where their registered agents can be served.

## BACKGROUND

7. On August 29, 2018, Plaintiff purchased a new 2018 Ford Focus with approximately five miles and bearing the Vehicle Identification Number 1FADP3L96JL277945 (hereinafter the "Vehicle") for the total sale price of $22,500.

8. In consideration for the purchase of the above Vehicle, Defendants issued to Plaintiff one or more written warranties.

9. One such warranty is a PowerCare Nationwide Powertrain Coverage for 10 years or 200,000 miles, effective on the purchase date.

10. Within the warranty period, the Vehicle exhibited defects in material and/or workmanship that caused rust on the undercarriage and related parts, and resulted in extensive corrosion, which Plaintiff reported to Defendants.

11. About one month after purchasing the Vehicle, while changing the oil, Plaintiff observed extensive salt, corrosion, and rust on the entire lower engine bay. He immediately contacted Sales Consultant for Defendant Bommarito Ford, Bryan Skaggs and emailed him pictures of the damage.

12. The next day, Plaintiff and Mr. Skaggs spoke over the phone. Mr. Skaggs agreed that the amount of corrosion was excessive and agreed to show the pictures to management at Bommarito Ford.

13. On or about November 8th, the Bommarito Service Department treated the Vehicle with "Salt Away", but several corroded components remained untreated. Specifically, no body panels or inner fenders were removed. As a result, salt and corrosion remain on the body and engine of the

Electronically Filed - St Louis County - August 28, 2020 - 02:20 PM

Electronically Filed - St Louis County - August 28, 2020 - 02:20 PM

Vehicle. Service Manager for Bommarito Ford, Sean Johnson, stated that Bommarito would do nothing more, regardless of the inadequacy of the Salt Away treatment.

14. Upon information and belief, Ford Motor Company does not employ corrosion-preventative coatings or corrosion-resistant materials in its manufacture of its vehicles.

15. This corrosion could have caused the Vehicle to fail while moving, causing serious injury or even death.

16. This corrosion caused the Vehicle to have not been a new condition but instead in a condition where it was effectively aged by many years by the time of the purchase, rendering the Vehicle unusable.

17. Despite Plaintiff's numerous requests to the Sales Department, Service Department, and even to Mr. John Bommarito to get this problem remedied, Defendant has failed, and continues to fail, to correct the situation.

18. Unsurprisingly, the issue continues to worsen due to the remaining corrosion, yet, Bommarito Ford and the Ford Motor Company refuse to cover the Vehicle under its warranty.

19. All attempts to repair the Vehicle were unsuccessful and the nonconformities with the vehicle are ongoing.

20. Furthermore, Defendants never provided or paid for a rental car during any of the repairs.

21. As of the date of this Second Amended Petition, Defendants have not reimbursed Plaintiff for loan payments he made for the time periods in which he did not obtain any use of the Vehicle during the repair attempt.

22. Plaintiff exhausted his remedies with the Ford Motor Company by engaging in their formal dispute resolution process. Without inspecting the vehicle, Ford Motor Company declined to provide relief to Plaintiff.

## COUNT I
## DEFENDANTS' VIOLATIONS OF THE MMPA

23. Plaintiff realleges and incorporates by reference the above paragraphs as if fully stated herein.

24. Plaintiff is a "Person," as defined by § 407.010(5) R.S.Mo. at the time that Plaintiff purchased the Vehicle.

25. Defendants are each a "Person" as defined by § 407.010(5) R.S.Mo. at the time that Plaintiff purchased the Vehicle.

26. The Vehicle is "merchandise" as defined by § 407.010(4) R.S.Mo. at the time that Plaintiff purchased the Vehicle.

Electronically Filed - St Louis County - August 28, 2020 - 02:20 PM

265

27. Plaintiff's purchase and/or servicing of the vehicle is a "Sale" or is in connection with a "Sale" as defined by § 407.010(6) and § 407.020 R.S.Mo. at the time that Plaintiff purchased the Vehicle.

28. Plaintiff purchased the Vehicle for personal, family and household purposes.

29. In connection with the sale of the Vehicle to Plaintiff, Defendants committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo. at the time of the sale as follows:

   a. misrepresenting to Plaintiff that there were no material issues with the Vehicle during the date of sale;

   b. misrepresenting that the Vehicle was safe to drive at the time of the sale;

   c. misrepresenting that the Vehicle was in a new condition;

   d. misrepresenting that the Vehicle had an acceptable level of corrosion; and

   e. misrepresenting the value of the Vehicle to Plaintiff.

Electronically Filed - St Louis County - August 28, 2020 - 02:20 PM

30. Furthermore, Defendants knew or should have known that Ford Motor Company did not have adequate processes in place to ensure that there would not be unnecessary corrosion in its Vehicles.

31. The above-stated actions constitute acts and practices that are misrepresentations, concealments, false promises, fraud, omissions, deceptions and unfair practices of and concerning material facts in violation of Section 407.020 of the MMPA at the time of the sale.

32. Section 407.025.1 of the MMPA at the time of the sale gave Plaintiff the right to recover actual damages, punitive damages, reasonable attorney fees and costs.

33. Plaintiff suffered damages directly and proximately caused by the conduct of Defendants as alleged including, but not limited to, the lost value of the Vehicle, the lost payment for and title, tax and registration on a vehicle rendered effectively useless by its unsafe condition, payments of insurance for an effectively useless vehicle, the lost value of his trade-in, the lost value of what was supposed to be a new car given its corroded and consequent unsafe condition, payments to experts to assess damage the Vehicle and bring this case to trial, and interest foregone from Plaintiff's use of money from his retirement account for the aforementioned costs.

34. Furthermore, Plaintiff suffered garden variety emotional distress in the form of inconvenience, aggravation, frustration and humiliation.

35. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from like conduct in the future.

**WHEREFORE**, for good cause shown, Plaintiff prays that this Court enter a judgment against Defendant for an amount to be determined at trial but exceeding Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages; for pain and suffering; for garden variety emotional distress; for punitive damages; for reasonable attorney fees; for costs; and for any other relief as the Court may deem just and proper.

## COUNT II

### DEFENDANTS' VIOLATIONS OF THE MISSOURI LEMON LAW

36. Plaintiff realleges and incorporates by reference the above paragraphs as if fully stated herein.

37. Plaintiff is a "Consumer" as defined by § 407.560(3) R.S.Mo.

38. Defendant Ford Motor Company is a "Manufacturer" as defined by § 407.560(5) R.S.Mo.

39. The Vehicle is a "New Motor Vehicle" as defined by § 407.560(6) R.S.Mo.

40. The warranties issued by Defendants to Plaintiff are "express warrant[ies]" as defined by § 407.560(4) R.S.Mo.

41. Plaintiff had the Vehicle serviced at Defendants' "Authorized Dealer[(s)]," as used throughout the Missouri Lemon Law.

42. Bommarito Ford is an "Authorized Dealer" and agent of Ford Motor Company.

43. Ford Motor Company, through its authorized dealer, has been unable, unwilling, and has refused to conform the Vehicle to the express warranties by repairing one or more nonconformities within a reasonable number of attempts.

44. The nonconformities with the Vehicle substantially impair its use, market value, and safety.

45. Plaintiff satisfies one or more presumptions in § 407.571 R.S.Mo.

46. Furthermore, Plaintiff suffered garden variety emotional distress in the form of inconvenience, aggravation, frustration and humiliation.

47. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from like conduct in the future.

**WHEREFORE**, for good cause shown, Plaintiff prays that this Court enter a judgment against Defendant for an amount to be determined at trial but exceeding Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages; for pain and suffering; for garden variety emotional distress; for punitive damages; for reasonable attorney fees; for costs; and for any other relief as the Court may deem just and proper.

### COUNT III

### DEFENDANTS' VIOLATIONS OF THE MMWA

48. Plaintiff realleges and incorporates by reference the above paragraphs as if fully stated herein.

49. Plaintiff is a "Consumer" as defined by 15 U.S. C. § 2301(3).

50. Plaintiff is a "Buyer" per § 400.2-103 R.S.Mo.

51. Ford Motor Company is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5).

52. Ford Motor Company is a "Seller" per § 400.2-103 R.S.Mo.

53. The Vehicle is a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

54. By its actions and affirmations, Defendant Ford Motor Company created an express warranty for the Vehicle per § 400.2-313 R.S.Mo.

55. Ford Motor Company is a merchant with respect to vehicles, in that it holds itself out as a manufacturer having knowledge about vehicles in general.

56. A warranty that the Vehicle be merchantable was therefore implied in Plaintiff's purchase, pursuant to § 400.2-314 R.S.Mo.

57. Defendant FORD MOTOR COMPANY also provided Plaintiff an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

58. One or more of the warranties Ford Motor Company provided Plaintiff was a "Written Warranty" as defined by 15 U.S.C. § 2301(6) and/or an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

59. 15 U.S.C. § 2310(d)(1) provides:

> "[A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief..."

11

60. One of the obligations under the MMWA is that a "warrantor must…remedy such consumer product within a reasonable time and without charge, in the case of a defect," per 15 U.S.C. § 2304(a)(1).

61. Defendants have been afforded a reasonable opportunity to cure the Vehicle's nonconformities pursuant to 15 U.S.C. § 2310(e).

62. Defendants were unable and/or unwilling to remedy the Vehicle within a reasonable time and without charge, in violation of 15 U.S.C. § 2304(a)(1).

63. The defects and nonconformities that the Vehicle exhibited constitute a breach of the Implied Warranty of Merchantability, pursuant to § 400.2-314 R.S.Mo.

64. Plaintiff notified Defendants regarding a breach of warranty within a reasonable time after Plaintiff discovered defects with the Vehicle.

65. The defects of, and circumstances relating to, the Vehicle have caused any exclusive or limited remedy to fail of its essential purpose.

66. The warranties issued on the Vehicle by Defendants have failed of their essential purpose.

67. As a direct and proximate result of Defendants' failure to comply with the express written warranties and/or implied warranties, Plaintiff has suffered and continues to suffer damages.

68. As a result of the unreasonable repair attempts made by Defendants and Defendants' unwillingness to make further attempts to repair the Vehicle, the value of the Vehicle at the time of purchase was zero.

69. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

70. Furthermore, Plaintiff suffered garden variety emotional distress in the form of inconvenience, aggravation, frustration and humiliation.

71. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from like conduct in the future.

**WHEREFORE**, for good cause shown, Plaintiff prays that this Court enter a judgment against Defendant for an amount to be determined at trial but exceeding Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages; for pain and suffering; for garden variety emotional distress; for

punitive damages; for reasonable attorney fees; for costs; and for any other relief as the Court may deem just and proper.

## Demand for Jury Trial

Plaintiff requests a trial by jury, in St. Louis County, Missouri on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully submitted,

**DONNER APPLEWHITE,
ATTORNEYS AT LAW**

By: */s/ Christian T. Misner*
Christian T. Misner, #65572
Thomas R. Applewhite, #64437
906 Olive Street, Suite 1110
Saint Louis, Missouri 63119
Phone:  (314) 293-3526
Fax:      (888) 785-4461
Email:   christian.misner@da-lawfirm.com
             tom.applewhite@da-lawfirm.com

*Co-Counsel for Plaintiff*

Electronically Filed - St Louis County - August 28, 2020 - 02:20 PM